(63 Misc. Rep. 69.)

### BLUMENFELD v. WAGNER.

(Supreme Court, Special Term, New York County. April 28, 1909.)

1. LANDLORD AND TENANT (§ 48*)—CONDITION OF PREMISES—FRAUDULENT REPRESENTATIONS—ACTION—DEFENSES.

A stipulation in a lease that the landlord should not be liable for any damages caused by or arising from any source whatsoever in or about the premises during the term of the lease was no defense to the tenant's action to recover damages resulting from the landlord's fraud in representing that the premises, and especially the cellar, was "dry," by which the tenant was induced to accept the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 114–116; Dec. Dig. § 48.*]

2. FRAUD (§ 11*)—MISREPRESENTATION—STATEMENTS OF FACT OR OPINION.

A fraudulent representation by a landlord to his prospective tenant inducing the tenant to accept the lease, that the basement was "dry," the landlord knowing the contrary, and that the tenant required a dry basement to avoid damages to goods he intended to store therein, was a misrepresentation of fact, and not a statement of an opinion;

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 12; Dec. Dig. § 11.*]

Action by Joseph Blumenfeld against Elizabeth Wagner, as executrix of Philip Wagner, deceased. On demurrer to a separate defense. Demurrer sustained, with leave to amend.

Herman, Herschman & Weil, for demurrant.

John M. Ruck (William J. Lippmann, of counsel), opposed.

GIEGERICH, J. This is a demurrer by the plaintiff to a separate defense set up in defendant's amended answer. The complaint alleges: That on the 24th day of April, 1908, the plaintiff and defendant entered into a written lease of the premises known as Nos. 332, 333, 334 West street and No. 137 Charlton street, in the borough of Manhattan, city of New York; that by the terms of this lease the defendant leased the property to the plaintiff for a term of five years at a certain annual rental, to be used and occupied by the plaintiff for a saloon and hotel business; that prior to the making of the lease plaintiff stated to the defendant the nature of the business in which he was about to engage, and stated to the defendant that unless the premises were good, safe, and dry, and especially the cellar and basement, he would be unable to use the same, as it was necessary for him to store his stock of beer, ale, porter, etc., for use in his business in the said cellar and basement, and that they were liable to damage and ruin in the event that the premises were not dry, safe, and sanitary and would not continue

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

so. The complaint further alleges: That the premises are situated near the North River and are subject to inundations of water from the river or other sources, especially the cellar and basement thereof; that at such times the basement and cellar were rendered wet, unsafe, and unsanitary, and any goods therein were liable to be wet and spoiled; that the plaintiff had never been in business in that vicinity, nor did he own or possess any property near there, and he had no means of knowing that the premises were subject to such inundations; that prior to making the lease the plaintiff inspected the property and found it in a safe, sanitary, and dry condition; that all of these facts were well known to the defendant, or could with reasonable diligence have been learned by her, but were unknown to the plaintiff, and could not with reasonable diligence on his part have become known to him; that prior to the making of the lease, and upon the making of the statements by the plaintiff to the defendant as aforesaid, the defendant represented and stated to the plaintiff that the premises were good, dry, sanitary, and healthy, and that the cellar and basement were good, dry, sanitary, and healthy, and wrongfully concealed from the plaintiff the facts within the defendant's knowledge as hereinbefore set forth; that the defendant knew such representations were false when they were made, and the facts concealed from the plaintiff by the defendant were concealed for the purpose of inducing the plaintiff to enter into the lease as aforesaid; that relying on these false representations, and because of such concealment of the fact that the premises were subject to inundation, plaintiff entered into the lease. The plaintiff goes on to allege: That after he had been in possession for about six weeks the cellar and basement were completely flooded with ill-smelling water cast in and upon the premises from the North River; that in consequence of such inundation his stock of beer, ale, etc., was ruined, and the stagnant water in the cellar and the hordes of mosquitoes it bred, and the vile and obnoxious odors arising from it, drove all the guests out of his hotel and drove away all his customers and otherwise damaged him, all to the extent of $5,000.

The answer, after denying various allegations of the complaint, sets up the following separate defense:

"(7) For a further defense to the plaintiff's alleged cause of action, said defendant alleges that in the written lease entered into between the plaintiff and the defendant on or about the 24th day of April, 1908, which is referred to in the fifth paragraph of the complaint, whereby the defendant demised to the plaintiff the premises described in the complaint, said plaintiff did specifically agree that this defendant should not be held liable or accountable for any damages caused by or arising from any source whatsoever in or about the said premises during the term of said lease."

I do not think it requires any extended discussion to show that this alleged defense is insufficient. The plaintiff's cause of action is based upon the damage suffered by him on account of certain alleged fraudulent statements and concealments of material facts made by the defendant in regard to the condition of the premises. Surely this agreement that the defendant should not be liable for any damages caused or arising from any source whatsoever in or about the premises cannot be held to be a waiver of damages caused to him by the fraud of the defendant. The

defendant cannot claim that this general clause can release him from damages incurred by the plaintiff as a result of his own fraudulent acts.

The defendant urges that the demurrer will not lie because the complaint itself is bad, and insists that the alleged statements that the premises were good, dry, sanitary, and healthy were mere expressions of opinion and not statements of fact. However the case may stand with respect to some of the words used, there is hardly room for serious argument with respect to the word "dry." When a landlord is told by a prospective tenant that a dry basement and cellar are especially necessary to avoid damage to goods intended to be stored there, and the landlord, knowing that the premises are subject to inundation, replies that they are dry, he is not expressing an opinion, but asserting a fact.

Demurrer sustained, with costs, with leave to the defendant to amend upon payment of costs within 20 days after service of the interlocutory judgment.